FILED

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | Criminal No. 13cr10289 |
| **v.** | ) | |
| | ) | **VIOLATIONS:** |
| **JOSEPH CIMINO,** | ) | **18 U.S.C. §1956(h) -** |
| **ISSAM ELNARDDAFF,** | ) | **(Conspiracy to Launder** |
| **CHRISTOPHER STANIFORTH, and** | ) | **Monetary Instruments)** |
| **HUSAIN YASSIN,** | ) | |
| | ) | **18 U.S.C. §§1956(a)(1)(A)(i)** |
| **Defendants.** | ) | **and 1956(a)(1)(B)(i) -** |
| | ) | **(Money Laundering** |
| | ) | **Transactions)** |
| | ) | |
| | ) | **18 U.S.C. §2 -** |
| | ) | **(Aiding and Abetting)** |
| | ) | |
| | ) | **18 U.S.C. § 982(a)(1) -** |
| | ) | **Criminal Forfeiture)** |
| | ) | |

### INDICTMENT

**COUNT ONE:**     **(Title 18, United States Code, Section 1956(h)**
                   **- Conspiracy to Launder Monetary Instruments)**

The Grand Jury charges that:

From in or about April 2012, and continuing up to in or

about March 2013, in Watertown, Boston, Saugus, and elsewhere in

the District of Massachusetts, the Central District of

California, the Eastern District of New York, Canada, and

elsewhere

                    **JOSEPH CIMINO,**
                    **ISSAM ELNARDDAFF,**
                    **CHRISTOPHER STANIFORTH, and**
                    **HUSAIN YASSIN,**

defendants herein, did knowingly and intentionally combine,

conspire, confederate, and agree with each other and others known

and unknown to the Grand Jury to conduct and attempt to conduct

financial transactions affecting interstate and foreign commerce,

which financial transactions in fact involved the proceeds of a

specified unlawful activity, that is, the distribution of a

controlled substance, in violation of 21 U.S.C. §841(a)(1),

knowing that the property involved in the financial transactions

represented the proceeds of some form of unlawful activity: (i)

with the intent to promote the carrying on of specified unlawful

activity, in violation of 18 U.S.C. §1956(a)(1)(A)(i), and (ii)

knowing that the transactions were designed, in whole and in

part, to conceal and disguise the nature, location, source,

ownership, and control of the proceeds of specified unlawful

activity, in violation of 18 U.S.C. §1956(a)(1)(B)(i).

        All in violation of Title 18, United States Code, Section

1956(h).

**COUNT TWO:**      **(18 U.S.C. §1956(a)(1) - Money Laundering; 18 U.S.C. §2 - Aiding and Abetting)**

The Grand Jury further charges that:

On or about the dates, and at or about the locations, specified below, in the District of Massachusetts, in the Central District of California, in Canada and elsewhere,

**JOSEPH CIMINO and
ISSAM ELNARDDAFF,**

defendants herein, knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity, did knowingly conduct, attempt to conduct, and cause to be conducted a financial transaction affecting interstate and foreign commerce, that is, the delivery of $112,060 in U.S. currency on or about April 12, 2012, in Watertown and elsewhere in the District of Massachusetts, and the subsequent delivery and receipt of $106,460 on or about April 18, 2012, in the Central District of California, which in fact involved the proceeds of specified unlawful activity, that is, the distribution of a controlled substance in violation of Title 21, United States Code, Section 841(a)(1): (a) with the intent to promote the carrying on of said specified unlawful activity; and (b) knowing that the transaction was designed in whole or in part to conceal and disguise the nature, the location, the source, the

3

ownership and the control of the proceeds of said specified

unlawful activity.

All in violation of Title 18, United States Code, Sections

1956(a)(1) and 2.

4

**COUNT THREE:** **(18 U.S.C. § 1956(a)(1)(B)(i) - Money Laundering;**
**18 U.S.C. § 2 - Aiding and Abetting)**

The Grand Jury further charges that:

On or about the dates, and at or about the locations,
specified below, in the District of Massachusetts, in the Central
District of California, in Canada and elsewhere,

**JOSEPH CIMINO and**
**CHRISTOPHER STANIFORTH,**

defendants herein, knowing that the property involved in a
financial transaction represented the proceeds of some form of
unlawful activity, did knowingly conduct, attempt to conduct, and
cause to be conducted a financial transaction affecting
interstate and foreign commerce, that is, the delivery of
$233,560 in U.S. currency on or about April 28, 2012, in the
District of Massachusetts, and the subsequent delivery and
receipt of $219,440 in U.S. currency on or about May 1, 2012, in
the Central District of California, which in fact involved the
proceeds of specified unlawful activity, that is, the
distribution of a controlled substance in violation of Title 21,
United States Code, Section 841(a)(1): (a) with the intent to
promote the carrying on of said specified unlawful activity; and
(b) knowing that the transaction was designed in whole or in part
to conceal and disguise the nature, the location, the source, the

5

ownership and the control of the proceeds of said specified

unlawful activity.

All in violation of Title 18, United States Code, Sections

1956(a)(1) and 2.

**COUNT FOUR:** **(18 U.S.C. § 1956(a)(1)(B)(i) - Money Laundering; 18 U.S.C. § 2 - Aiding and Abetting)**

The Grand Jury further charges that:

On or about the dates, and at or about the locations, specified below, in the District of Massachusetts, in the Central District of California, in Canada and elsewhere,

**JOSEPH CIMINO,**

defendant herein, knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity, did knowingly conduct, attempt to conduct, and cause to be conducted a financial transaction affecting interstate and foreign commerce, that is, the delivery of $254,500 in U.S. currency on or about August 7, 2012, in the District of Massachusetts, and the subsequent delivery and receipt of $241,770 in U.S. currency on or about August 9, 2012, in the Central District of California which in fact involved the proceeds of specified unlawful activity, that is, the distribution of a controlled substance in violation of Title 21, United States Code, Section 841(a)(1): (a) with the intent to promote the carrying on of said specified unlawful activity; and (b) knowing that the transaction was designed in whole or in part to conceal and disguise the nature, the location, the source, the

7

ownership and the control of the proceeds of said specified
unlawful activity.

All in violation of Title 18, United States Code, Sections
1956(a)(1) and 2.

**COUNT FIVE:** **(18 U.S.C. § 1956(a)(1)(B)(i) - Money Laundering;**
**18 U.S.C. § 2 - Aiding and Abetting)**

The Grand Jury further charges that:

On or about the dates, and at or about the locations,
specified below, in the District of Massachusetts, in the Central
District of California, in Canada and elsewhere,

**HUSAIN YASSIN,**

defendant herein, knowing that the property involved in a
financial transaction represented the proceeds of some form of
unlawful activity, did knowingly conduct, attempt to conduct, and
cause to be conducted a financial transaction affecting
interstate and foreign commerce, that is, the delivery of $46,800
in U.S. currency on or about November 13, 2012 in Eastern
District of New York, the delivery of $230,000 in U.S. currency
on or about November 28, 2012, in the District of Massachusetts,
and the subsequent delivery and receipt of $262,960 in U.S.
currency on or about December 4, 2012, in the Central District of
California which in fact involved the proceeds of specified
unlawful activity, that is, the distribution of a controlled
substance in violation of Title 21, United States Code, Section
841(a)(1): (a) with the intent to promote the carrying on of said
specified unlawful activity; and (b) knowing that the transaction
was designed in whole or in part to conceal and disguise the

nature, the location, the source, the ownership and the control of the proceeds of said specified unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1) and 2.

**FORFEITURE ALLEGATION:**   (Title 18, United States Code, Section 982(a)(1))

The Grand Jury further charges that:

1.   Upon conviction of any one or more of the offenses alleged in Counts One through Five of this Indictment,

> **JOSEPH CIMINO,**
> **ISSAM ELNARDDAFF,**
> **CHRISTOPHER STANIFORTH, and**
> **HUSAIN YASSIN,**

defendants herein, shall forfeit to the United States (jointly and severally as to Count One), pursuant to Title 21, United States Code, Section 982(a)(1), any property, real or personal, involved in the offense, and all property traceable to such property.

2.   If any of the property described in paragraph 1 above, as a result of any act or omission of the defendants,

> a.   cannot be located upon the exercise of due diligence;
>
> b.   has been transferred or sold to, or deposited with, a third party;
>
> c.   has been placed beyond the jurisdiction of the Court;
>
> d.   has been substantially diminished in value; or
>
> e.   has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 18

United States Code, Section 982(b)(1), incorporating Title 21

United States Code, Section 853(p), to seek forfeiture of any

other property of the defendants up to the value of the property

described in paragraph 1 above.

All pursuant to Title 18, United States Code, Section 982.

A TRUE BILL

FOREPERSON OF THE GRAND JURY


Neil J. Gallagher, Jr.
Assistant United States Attorney


DISTRICT OF MASSACHUSETTS; September 26, 2013

Returned into the District Court by the Grand Jurors and filed.

DEPUTY CLERK

9/26/13
1:40pm

13