AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
District of Massachusetts

In the Matter of the Search of  )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )  Case No. 13-CR-10289-DPW
CELLCO PARTNERSHIP DBA VERIZON WIRELESS )
CELLULAR PHONE ASSIGNED CALL NUMBER: )
(415) 243-6683, AND BEARING ESN A0000031B879BA )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
CELLCO PARTNERSHIP DBA VERIZON WIRELESS CELLULAR PHONE ASSIGNED CALL NUMBER: (415) 243-6683, AND BEARING ESN A0000031B879BA

located in the _____ District of Massachusetts, there is now concealed *(identify the person or describe the property to be seized)*:
specific latitude and longitude or other precise location information.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1956(h) | Conspiracy to Launder Monetary Instruments |

The application is based on these facts:
See attached affidavit of HSI Special Agent Phillip Lavoie

☑ Continued on the attached sheet.
☑ Delayed notice of 30 days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*
Phillip Lavoie, HSI Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.
Date: OCT 2 8 2013

*Judge's signature*

City and state: Boston, Massachusetts   HON. ROBERT B. COLLINGS, MAGISTRATE JUDGE
*Printed name and title*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN THE MATTER OF AN APPLICATION OF THE UNITED STATES FOR AN ORDER AUTHORIZING THE USE OF A PEN REGISTER AND TRAP AND TRACE WITH CALLER IDENTIFICATION DEVICE AND CELL SITE LOCATION AUTHORITY AUTHORIZATION TO OBTAIN LOCATION DATA CONCERNING A CELLCO PARTNERSHIP DBA VERIZON WIRELESS CELLULAR PHONE ASSIGNED CALL NUMBER: **(415) 243-6683**, AND BEARING ESN A0000031B879BA | M.J. No. 13-CR-10289-DPW<br><br>APPLICATION<br><br>**FILED UNDER SEAL** |

APPLICATION AND MOTION TO SEAL

1.      The United States of America, by and through its undersigned attorney, hereby applies to the Court for an Order authorizing the use of a pen register with caller identification, trap and trace device and cell-site location authority on a prepaid Cellco Partnership DBA Verizon Wireless Phone Number **(415) 243-6683**, bearing ESN A0000031B879BA, with no further identifying subscriber information available, which is being used by JOSEPH CIMINO (hereinafter "the Target Telephone").

2.      The government submits this application seeking an order: (a) pursuant to 18 U.S.C. §§ 3121-26, authorizing the use of a pen register with a caller identification and/or trap and trace device, without geographic limitation, for a period of sixty (60) days from the date of this order for the Target Telephone, in connection with a federal fugitive investigation being conducted by Homeland Security Investigations ("HSI"), the U.S. Drug Enforcement Administration ("DEA"), and the U.S. Marshal's Service ("USMS") targeting JOSEPH CIMINO,

1

a federal fugitive; (b) pursuant to 18 U.S.C. §§ 2703 (c-d) authorizing the pen register and trap and trace device to capture and report at the same time originating and terminating cell-site location information, specifically, information that identifies the antenna tower receiving transmissions from the Target Telephone and information, if available, on what portion of that tower is receiving a transmission at the beginning and end of a particular telephone call made from or received by the Target Telephones, which information is to be transmitted from Cellco Partnership DBA Verizon Wireless to the HSI, the DEA, and the USMS for all telephone calls made to or from the Target Telephone ("cell site location information"); (c) pursuant to 18 U.S.C. §§ 2703 (c-d), authorizing the disclosure of subscriber and call detail and billing information related to other telephone numbers billed to the subscriber for the Target Telephone and subscriber information related to telephone numbers that are in contact with the Target Telephone; and (d) directing Cellco Partnership DBA Verizon Wireless to furnish to HSI, DEA, and the USMS all information, facilities, and technical assistance, as the service provider may have available, necessary to operate a pen register with a caller identification device and/or trap and trace device and cell site location authority on the Target Telephone subject to the limitations of 18 U.S.C. § 3121(c). (The information to be provided pursuant to the Order sought through this application is referred to herein collectively as the "Requested Information.")

3. I am an attorney for the Government as defined in Rule 1 of the Federal Rules of Criminal Procedure, and, therefore, pursuant to 18 U.S.C. § 3122, may apply for an order authorizing the installation and use of a pen register and trap and trace device and, pursuant to 18 U.S.C. § 2703(d), may apply for an order requiring disclosure of telephone records.

4. This Court has jurisdiction to grant this application pursuant to 18 U.S.C. §§ 2703(d), 2711(3), 3123(a)(1), 3123(b)(1)(A), and 3127(2)(A).

5. Federal law enforcement agents from HSI, DEA, and the USMS are conducting a criminal investigation to locate and apprehend CIMINO. CIMINO is currently a fugitive from this Court, and there is an outstanding warrant for his arrest from an indictment in the District of Massachusetts in criminal case number 13-10289-DPW.

6. I have discussed this case with HSI Special Agent Phillip Lavoie who is handling the investigation and is filing an affidavit in conjunction with this application. Based on those discussions and his affidavit, which is incorporated herein by reference, I believe and hereby certify that the information likely to be obtained by the use of a pen register and caller identification and trap and trace device on the Target Telephone is relevant to an ongoing criminal investigation of CIMINO as required by 18 U.S.C. § 3123(a).

7. Additionally, I believe there exist specific and articulable facts showing that there are reasonable grounds to believe that the subscriber, call detail, billing record, and cell site location information sought herein are relevant and material to an ongoing criminal investigation, as required by 18 U.S.C. § 2703(d). Finally, I also submit that there is probable cause to believe that the Requested Information described above will constitute or lead to evidence of CIMINO's location and arrest on an outstanding arrest warrant.

8. Obtaining call information and cell site information for the Target Telephone will enable law enforcement agents to locate the general geographic area in which CIMINO, or someone closely associated with CIMINO, is utilizing the Target Telephone. In addition, subscriber information relating to the Target Telephone's incoming and outgoing phone calls will enable federal agents to determine identities and addresses of associates within the cell-site area of the Target Telephone's operation. This will provide valuable investigative leads in the ongoing investigation to locate and arrest CIMINO. By reviewing the information developed from these

call detail records, agents can identify individuals to be interviewed or surveilled. Also, information developed through use of the pen register and trap and trace device, in conjunction with contemporaneously received cell-site information, will likely assist federal agents in locating and arresting CIMINO.

9. It is requested that Cellco Partnership DBA Verizon Wireless be directed to provide the following:

   a. Numbers dialed;

   b. Incoming numbers, if identified, without geographical limitations within the United States;

   c. Call durations;

   d. Originating and terminating cell site location information;

   e. An engineering map, showing all cell site tower locations, sectors, and orientations; and

   f. Subscriber, local and long distance telephone connection records, call detail and billing records, including means and source of payment for the target cell phone **and any other cellular telephones billed to this account**, for a period of sixty days prior to and sixty days following the date of this Order.

10. It is further requested that the Court direct that, should the target cellular/wireless number ESN be changed by the subscriber during the course of this order, the Court's order will apply to any new ESN.

11. It is further requested, pursuant to Section 3123(b)(2) of Title 18, that Cellco Partnership DBA Verizon Wireless, and any other telecommunications carrier and/or provider of wire or electronic communications services, be directed to furnish HSI, the DEA, and the USMS forthwith all information, facilities, and technical assistance necessary to accomplish the installation of the pen register with caller identification and trap and trace device unobtrusively

and with a minimum of interference with the normal services provided to the target cellular/wireless telephone.

12. It is further requested that, pursuant to 18 U.S.C. § 2703(d), the Court direct that Cellco Partnership DBA Verizon Wireless, and/or any other wireless or hardline telecommunication company, provide HSI, the DEA, and the USMS with subscriber information, including the names, addresses, credit and billing information of the subscribers (published and non-published) for the telephone numbers dialed by the Target Telephone, and from which the Target Telephone receives calls, for a period of sixty (60) days.

13. The applicant additionally requests that Cellco Partnership DBA Verizon Wireless, any other entity providing service to the Target Telephone, and anyone else providing assistance to the applicant, be ordered, pursuant to 18 U.S.C §§2705(b) and 3123(d), not to disclose the existence of this order or the pen register, caller identification or trap and trace device, or cell site location authorization to any person, unless and until otherwise ordered by this Court. Pursuant to 18 U.S.C. § 2705(b), such disclosure would severely jeopardize this investigation because it would alert the target to this investigation and likely lead to his flight from prosecution.

14. The applicant further requests that this application, and the related affidavit and orders be placed under seal until such time as CIMINO is apprehended and this criminal investigation is otherwise completed. As reason therefore, the premature disclosure of this information could cause CIMINO to discontinue using or discard the Target Telephone and to otherwise further conceal his activities and whereabouts.

I declare under penalty of perjury that the foregoing is true and correct.

Neil Gallagher
Assistant U.S. Attorney

Date Submitted: October 28, 2012