

**U.S. Department of Justice**

*Carmen M. Ortiz*
*United States Attorney*
*District of Massachusetts*

**FILED**
In Open Court
USDC, Mass.
Date 4/30/15
By _ponче π͞ ͞Là͞N͞ε͞ll
**Deputy Clerk**

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

April 13, 2015

Francis J. DiMento
DiMento & Sullivan
Seven Faneuil Hall Marketplace
Boston, MA 02109

Martin G. Weinberg
20 Park Plaza
Suite 1000
Boston, MA 02116

> Re:   United States v. Joseph Cimino
>        Criminal No. 13-10289-DPW

Dear Counsel:

This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Joseph Cimino ("Defendant"), in the above-referenced case. The Agreement is as follows:

1.   **Change of Plea**

At the earliest practicable date, but no later than April 30, 2015, Defendant shall plead guilty to Count One of the Superseding Indictment, charging conspiracy to launder monetary instruments, in violation of 18 U.S.C. § 1956(h). Defendant expressly and unequivocally admits that he committed the crime charged in Count One of the Superseding Indictment, did so knowingly and intentionally, and is in fact guilty of that offense.

2.   **Penalties**

Defendant faces the following maximum penalties on Count One of the Superseding Indictment:  incarceration for up to twenty (20) years; a fine of up to $500,000 or twice the value of the property involved in the money laundering transactions, whichever is greater; supervised

release for a period of up to three (3) years; a mandatory special assessment of $100; and forfeiture to the extent charged in the Superseding Indictment.

3.   Fed. R. Crim. P. 11(c)(1)(C) Plea

This plea agreement is made pursuant to Fed. R. Crim. P. 11(c)(1)(C), and Defendant's guilty plea will be tendered pursuant to that provision. In accordance with Rule 11(c)(1)(C), if the District Court ("Court") accepts this Agreement, the Court must include the agreed disposition in the judgment. If the Court rejects any aspect of this Agreement, the U.S. Attorney may deem the Agreement null and void. Defendant understands and acknowledges that he/she may not withdraw his plea of guilty unless the Court rejects this Agreement under Fed. R. Crim. P. 11(c)(5).

4.   Sentencing Guidelines

The parties agree jointly to take the following positions at sentencing under the United States Sentencing Guidelines ("USSG" or "Guidelines"). The parties agree that Defendant's total adjusted offense level under the Guidelines is calculated as follows:

- in accordance with USSG §§ 1B1.3, 2B1.1(b)(1)(H), and 2S1.1(a)(2), Defendant's base offense level is 22, because the value of the laundered funds involved in the offense was more than $400,000 but less than $1,000,000;

- in accordance with USSG § 2S1.1(b)(1), Defendant's offense level is increased by six (6) levels, because Defendant knew or willfully blinded himself to the fact that at least a portion of the laundered funds were the proceeds of, or were intended to promote, an offense involving the manufacture, importation, or distribution of a controlled substance;

- in accordance with USSG §2S1.1(b)(2)(B), Defendant's base offense level is increased by two (2) levels because Defendant was convicted under 18 U.S.C. §1956; and

- in accordance with USSG §3E1.1, based on Defendant's prompt acceptance of personal responsibility for the offense of conviction in this case, the adjusted offense level is reduced by three (3).

The U.S. Attorney's agreement that the disposition set forth below is appropriate in this case is based, in part, on Defendant's prompt acceptance of personal responsibility for the offense of conviction in this case.

The U.S. Attorney may, at her sole option, be released from her commitments under this Agreement, including, but not limited to, her agreement that Paragraph 5 constitutes the appropriate disposition of this case, if at any time between Defendant's execution of this Agreement and sentencing, Defendant:

2

(a)   Fails to admit a complete factual basis for the plea;

(b)   Fails to truthfully admit Defendant's conduct in the offense(s) of conviction;

(c)   Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under USSG §1B1.3;

(d)   Fails to provide truthful information about Defendant's financial status;

(e)   Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under USSG §1B1.3;

(f)   Engages in acts that form a basis for finding that Defendant has obstructed or impeded the administration of justice under USSG §3C1.1;

(g)   Intentionally fails to appear in Court or violates any condition of release;

(h)   Commits a crime;

(i)   Transfers any asset protected under any provision of this Agreement; or

(j)   Attempts to withdraw Defendant's guilty plea.

Nothing in this Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

5.   Agreed Disposition

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the U.S. Attorney and Defendant agree that the following is a reasonable and appropriate disposition of this case:

(a)   incarceration for a period of not less than 24 months but not greater than 60 months;

(b)   a fine within the Guidelines sentencing range as calculated by the Court at sentencing, excluding departures, unless the Court finds that Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;

(c)   thirty-six (36) months of supervised release;

(d)   a mandatory special assessment of $100; and

(e)   forfeiture as set forth in Paragraph 8.

3

6.    Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

7.    U.S. Probation Office Not Bound By Agreement

The sentencing disposition agreed upon by the parties and their respective calculations under the USSG are not binding upon the United States Probation Office.

8.    Forfeiture

Defendant understands that the Court may, upon acceptance of Defendant's guilty plea, enter an order of forfeiture as part of Defendant's sentence, and that the order of forfeiture may include assets directly traceable to Defendant's offense, assets used to facilitate Defendant's offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense.

Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands and agrees that forfeiture shall not satisfy or affect any fine, lien, penalty, restitution, cost of imprisonment, tax liability or any other debt owed to the United States.

Defendant agrees to assist fully in the forfeiture of the foregoing assets. Defendant agrees to promptly take all steps necessary to pass clear title to the forfeited assets to the United States, including but not limited to executing any and all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture. Defendant further agrees (a) not to assist any third party in asserting a claim to the forfeited assets in an ancillary proceeding, and (b) to testify truthfully in any such proceeding. To assist the United States in locating and forfeiting assets, Defendant shall deliver to the U.S. Attorney within 30 days after signing this Agreement a sworn financial statement disclosing all assets in which Defendant currently has any interest, and all assets over which Defendant has exercised control, or has had any legal or beneficial interest, at any time from April 2012 to the present. Defendant further agrees to be deposed with respect to Defendant's assets at the request of the U.S. Attorney

Defendant also agrees to waive all constitutional, legal and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Agreement. Defendant agrees not to challenge or seek review of any civil

4

or administrative forfeiture of any property subject to forfeiture under this Agreement, and will not assist any third party with regard to such challenge or review.

9.    Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, Defendant may have incurred or may incur as a result of Defendant's conduct and plea of guilty to the charges specified in Paragraph 1 of this Agreement.

10.    Withdrawal of Plea By Defendant or Rejection of Plea by Court

Should Defendant move to withdraw his guilty plea at any time, or should the Court reject the parties' agreed-upon disposition of the case or any other aspect of this Agreement, this Agreement shall be null and void at the option of the U.S. Attorney. In this event, Defendant agrees to waive any defenses based upon the statute of limitations, the constitutional protection against pre-indictment delay, and the Speedy Trial Act with respect to any and all charges that could have been timely brought or pursued as of the date of this Agreement.

11.    Breach of Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has engaged in any of the activities set forth in Paragraph 4(a)-(j), has violated any condition of Defendant's pretrial release, or has committed any crime following Defendant's execution of this Agreement, the U.S. Attorney may, at her sole option, be released from her commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to her under the law, regardless whether she elects to be released from her commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which otherwise may have been brought against Defendant and/or have been, or are to be, dismissed pursuant to this Agreement. Defendant understands that his breach of an obligation under this Agreement shall not give rise to grounds for withdrawal of Defendant's guilty plea, but will give the U.S. Attorney the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements made by Defendant, and any information, materials, documents or objects provided by Defendant to the government, without any limitation. In this regard, Defendant hereby waives any defense to any charges that Defendant might otherwise have based upon any statute of limitations, the constitutional protection against pre-indictment delay, or the Speedy Trial Act.

12.    Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

13.   <u>Complete Agreement</u>

This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below.  Please also sign below as Witness.  Return the original of this letter to Assistant U.S. Attorney Neil Gallagher.

Very truly yours,

CARMEN M. ORTIZ
United States Attorney

By:  _____

JAMES D. HERBERT
Deputy Chief, Criminal Division

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter, and that I have received no prior offers to resolve this case. I understand the crime to which I have agreed to plead guilty, the maximum penalties for that offense and Sentencing Guideline penalties potentially applicable to it. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charge against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offense to which I am pleading guilty and I believe this Agreement is in my best interest.

Joseph Cimino
Defendant

Date: 4/21/15

We certify that our client, Joseph Cimino, has read this Agreement and that we have discussed its meaning. We believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly. We also certify that the U.S. Attorney has not extended any other offers to resolve this matter.

Martin G. Weinberg
Francis J. DiMento
Attorneys for Defendant

Date: 4.21.15

7